## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON LAWTON, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. |
| | : | |
| KEITH FALKO, and | : | |
| ALLENTOWN SCHOOL | : | JURY TRIAL DEMANDED |
| DISTRICT, | : | |
| Defendant | : | |

## **COMPLAINT**

1.      The Plaintiff, Brandon Lawton, is an adult individual residing at 900 Mickley Road, Apt. Dt-4, Whitehall, Lehigh County, Pennsylvania, 18052.

2.      The Defendant, Keith R. Falko, a Principal at William Allen High School with offices at 126 North 17th Street, Allentown, Lehigh County, Pennsylvania 18104.

3.      The Defendant, Allentown School District is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania with offices at 31 South Penn Street, Allentown, Lehigh County, Pennsylvania 18105.

4.      At all relevant times, Defendant, Falko, was a state actor implementing official school policy for the Allentown School District.

## JURISDICTION

5. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343, 42 U.S.C. §1983 and the First and Fourteenth Amendments of the United States Constitution.

6. On or about May 18, 2007, Defendant, Allentown School District, hired Plaintiff to work as a Security Guard at Allen High School under the Supervision of Defendant, Falko.

7. At all relevant times, Plaintiff worked diligently and professionally for Defendant with an excellent work, performance and attendance record.

8. On or about July 9, 2007, Defendant intentionally, discriminatorily, arbitrarily and capriciously terminated Plaintiff's employment in violation of his federal statutory and constitutional rights.

## COUNT ONE:

### (Plaintiff v. Defendant, Falko)

9. The allegations of paragraphs 1 through 8 inclusive are incorporated herein as if fully set forth at length.

10. At all relevant times, Plaintiff had artistic tattoos on his arms, hands, and neck.

11. Plaintiff's tattoos are artistic examples of Japanese art which are matters of public concern unrelated to Plaintiff's employment with Defendant.

12. At all relevant times, Plaintiff's employer, Defendant was aware of Defendant's tattoos at the time it hired Plaintiff.

13.     On or about June 20, 2007 at approximately, 1:30PM Keith Falko in the presence Assistant Principal Jim Dotterer advised that Plaintiff's tattoos made his physical appearance morally unfit for a security job at Defendant's High School setting, and he might be fired for his tattoos.

14.     At the time and place aforesaid, said Defendant, Falko, alleged that Plaintiff's tattoos were offensive to faculty, students, and parents.

15.     At the time and place aforesaid, said Defendant, Falko, informed Plaintiff that Defendant might terminate Plaintiff's employment merely due to his aforesaid artistic expression.

16.     After a couple weeks break between school sessions, Plaintiff returned to work for Defendant in early July, 2007.

17.     While working for Defendant on or about July 9, 2007 at about noon, Defendant, Falko advised Plaintiff that he was fired solely due to Plaintiff's aforesaid artistic expression in the format of tattoos.

18.     At all relevant times, Defendant, Falko had no rational, lawful or adequate justification for treating Plaintiff differently from any other members of the general public.

19.     At all relevant times, Plaintiff's artistic expression had no potential to affect Defendant's operations.

20.     At all relevant times, Plaintiff's artistic expression demonstrated intent to convey a particularized message along with a great likelihood that the message would be understood by those viewing it.

21. At all relevant times, Defendant, Falko, failed to implement any dress code or employee appearance policies for employees such as Plaintiff.

22. As a direct and proximate result of the actions of Defendant, Falko, Plaintiff suffered injuries and damages due by interference with his right to artistic expression under the First Amendment of the U.S. Constitution.

23. As a direct and proximate result of Defendant's aforesaid intentional violations of Plaintiff's constitutional rights, Plaintiff suffered damages due to loss of past, present, and future wages, income, and benefits in an amount to be determined.

24. As a direct and proximate result of defendant's aforesaid intentional violations of Plaintiff's constitutional rights, Plaintiff suffered damages due to emotional anxiety, anguish, stress, distress, sleeplessness, humiliation, and loss of reputation in an amount to be determined.

25. Plaintiff seeks reinstatement to his former or a comparable position with Defendant together with other damages specified herein.

WHEREFORE, Plaintiff Brandon Lawton demands judgment against Defendant, Keith Falko, in an amount to be determined together with reinstatement, interest, costs of suit, and reasonable attorney fees.

## COUNT TWO

### (Plaintiff v. Defendant, Falko)

26. The allegations of paragraphs 1 through 25 inclusive are incorporated herein as if fully set forth at length.

27. Without a dress code or physical appearance policy, Defendant, Falko, arbitrarily and capriciously terminated Plaintiff's employment based upon his physical appearance.

28. At all relevant times, Plaintiff had a constitutional right to maintain gainful employment and earning a livelihood.

29. On or about July 9, 2007, Defendant, Falko, intentionally arbitrarily and capriciously terminated Plaintiff's employment.

30. At all relevant times, Plaintiff had a constitutional right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner.

31. At relevant times, Defendant, Falko, intentionally, arbitrarily, and capriciously failed to provide Plaintiff with a meaningful pre deprivation and/or post deprivation process.

32. As a direct and proximate result of Defendants termination of Plaintiff's employment, and intentional failure to provide Plaintiff with constitutionally adequate process, Plaintiff suffered deprivation of his constitutional right to procedural due process for which he seeks compensation.

33. As a direct and proximate result of Defendant's aforesaid intentional violations of Plaintiff's constitutional rights, Plaintiff suffered injuries and damages specified above and incorporated herein in an amount to be determined.

34. Plaintiff seeks reinstatement to his former or a comparable position with Defendant together with other damages specified herein.

WHEREFORE, Plaintiff Brandon Lawton demands judgment against Defendant, Keith Falko, in an amount to be determined together with reinstatement, interest, costs of suit, and reasonable attorney fees.

## COUNT THREE

**(Plaintiff v. Defendant, Allentown School District)**

35. The allegations of paragraphs 1 through 34 inclusive are incorporated herein as if fully set forth at length.

36. At all relevant times, Plaintiff had artistic tattoos on his arms, hands, and neck.

37. Plaintiff's tattoos are artistic examples of Japanese art which are matters of public concern related to Plaintiff's employment with Defendant.

38. At all relevant times, Plaintiff's employer, Defendant was aware of Defendant's tattoos at the time it hired Plaintiff.

39. On or about June 20, 2007, at approximately, 1:30 PM, Defendant's agents, servants, and/or employees, Principal Keith Falko and Assistant Principal Jim Dotterer, acting within the scope of their employment for Defendant and implementing official policy of the Allentown School District met with Plaintiff to discuss his artistic tattoos.

40. At the time and place aforesaid, said Defendant's agents, servants, and/or employees alleged that Plaintiff's tattoos were offensive to faculty,

students, and parents, and the anti-tattoo was the de facto policy of the Allentown School District.

41. At the time and place aforesaid, said Defendant's agents, servants, and/or employees informed Plaintiff that Defendant might terminate Plaintiff's employment due to his aforesaid artistic expression.

42. After a couple weeks break between school sessions, Plaintiff returned to work for Defendant, Allentown School District, in early July, 2007.

43. While working for Defendant on or about July 9, 2007 at about noon, Defendant's Principal Falko advised Plaintiff of Defendant's intentional purposeful decision to terminate Plaintiff's employment solely due to Plaintiff's aforesaid artistic expression, and that the decision was approved by the school board.

44. At all relevant times, Defendant had no rational lawful or adequate justification for treating Plaintiff differently from any other members of the general public.

45. At all relevant times, Plaintiff's artistic expression had no potential to affect Defendant's operations.

46. At all relevant times, Plaintiff's artistic expression demonstrated intent to convey a particularized message along with a great likelihood that the message would be understood by those viewing it.

47. At all relevant times, Defendant failed to implement any dress code or employee appearance policies for employees such as Plaintiff.

48. As direct and proximate result of Defendant state actors aforesaid intentional, invidiously, discriminatory actions, Plaintiff suffered injuries and damages due to interference with his right to artistic expression under the First Amendment of the U.S. Constitution.

49. As a direct and proximate result of Defendant's aforesaid intentional violations of Plaintiff's constitutional rights, Plaintiff suffered damages due to loss of past, present, and future wages, income, and benefits in an amount to be determined.

50. As a direct and proximate result of defendant's aforesaid intentional violations of Plaintiff's constitutional rights, Plaintiff suffered damages due to emotional anxiety, anguish, stress, distress, sleeplessness, humiliation, and loss of reputation in an amount to be determined.

51. Plaintiff seeks reinstatement to his former or comparable position with Defendant together with other damages specified herein.

WHEREFORE, Plaintiff Brandon Lawton demands judgment against Defendant, Allentown School District, in an amount to be determined together with reinstatement, interest, costs of suit, and reasonable attorney fees.

## COUNT FOUR

**(Plaintiff v. Defendant, Allentown School District)**

52. The allegations of paragraphs 1 through 51 inclusive are incorporated herein as if fully set forth at length.

53. As set forth above, Defendant, without a dress code or physical appearance policy, arbitrarily and capriciously terminated Plaintiff based upon his physical appearance.

54. At all relevant times, Plaintiff had a constitutional right to maintain gainful employment and earning a livelihood.

55. On or about July 9, 2007, Defendant, Allentown School District, intentionally arbitrarily and capriciously terminated Plaintiff's employment.

56. At all relevant times, Plaintiff had a constitutional right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner.

57. At all relevant times, Defendant, Allentown School District, intentionally, arbitrarily, and capriciously failed to provide Plaintiff with a meaningful pre deprivation and/or post deprivation process.

58. As a direct and proximate result of Defendants termination of Plaintiff's employment, and intentional failure to provide Plaintiff with constitutionally adequate process, Plaintiff suffered deprivation of his constitutional right to procedural due process for which he seeks compensation.

59. As a direct and proximate result of Defendant's aforesaid intentional violations of Plaintiff's constitutional rights, Plaintiff suffered injuries and damages specified above and incorporated herein in an amount to be determined.

60. Plaintiff seeks reinstatement to his former or a comparable position with Defendant together with other damages specified herein.

WHEREFORE, Plaintiff Brandon Lawton demands judgment against Defendant, Allentown School District, in an amount to be determined together with reinstatement, interest, costs of suit, and reasonable attorney fees.

ORLOSKI LAW FIRM

/s/RJO2737

Richard J. Orloski
Attorney for Plaintiff
Attorney ID No. 09857
111 N. Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363